UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAY WALLER #424245,

        Plaintiff,                                   Hon. Jane M. Beckering

v.                                                        Case No. 1:22-cv-958

MICHAEL BURGESS, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before me on the Motion for Summary Judgment on the Basis of Exhaustion filed by Defendants Burgess, Parish, and Clouse. (ECF No. 23.) Plaintiff has failed to respond to Defendants' motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c).[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court grant the motion and dismiss Plaintiff's federal claims against Defendants Burgess, Parish, and Clouse **without prejudice** for lack of exhaustion. I further recommend that the Court dismiss Plaintiff's state-law claims against these Defendants **without prejudice** pursuant to 28 U.S.C. § 1367(c)(3).

Plaintiff, a prisoner currently incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility, filed a complaint against Defendants Michael Burgess, Thomas Parish, Jeffery Clouse, and other MDOC employees on October 13, 2022,

---

[1] Although Plaintiff is proceeding pro se, he is still expected to comply with the applicable court rules. *See Strohmeyer v. Chase Bank USA, N.A.*, No. 3:17-cv-443, 2018 WL 2669991, at *2 (E.D. Tenn. June 4, 2018) ("It is correct that pro se parties are expected to comply with the rules of procedure just as parties represented by counsel must do."); *Jones v. Graley,* No. 2:05-cv-773, 2006 WL 1697637, at *1 (S.D. Ohio June 20, 2006) (although federal courts have treated pro se litigants more leniently, they "are still expected to comply with the procedural rules of the court").

alleging claims pursuant to 42 U.S.C. § 1983 based on events that occurred at Oaks Correctional Facility (ECF) while Plaintiff was housed there in December 2020.

Following initial review by the Court pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c), Plaintiff's remaining claims are his: (1) Eighth Amendment claim against Unknown Party #1; (2) First Amendment retaliation claims against Defendants Burgess, Parish, Clouse, and Unknown Party #1; and (3) state-law negligence claims against Defendants Burgess, Parish, and Clouse. (ECF No. 6 at PageID.49–50.) As to Defendants Burgess, Parish, and Clouse, Plaintiff alleges that on December 13, 2019, he was cleared to work as a prisoner observation aid (POA). (ECF No. 1 at PageID.4.) He alleges that his position was done on a volunteer basis and that any POA worker could accept or decline any POA assignment "when called without consequence." (*Id.*) Plaintiff alleges that in December 2020, ECF was "placed on Covid-19 outbreak status," and "prisoners were subjected to Covid-19 restrictions per state CDC mandates." (*Id.*) Plaintiff alleges that on December 11, 2020, after he refused to report for POA work in a Covid-infected unit that day and the previous day due to concerns about a lack of personal protective equipment, Defendant Parish threatened to fire him and place him on unemployable status if he refused to go to the designated POA unit, Defendant Clouse threatened him with segregation for creating a disturbance, and Defendant Burgess told him that he "should be in the hole for running his mouth." (*Id.* at PageID.5–6.)

Defendants Burgess, Parish, and Clouse move for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville*

2

*Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). In addition, because failure to exhaust is an affirmative defense upon which a defendant bears the burden of proof, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), the Court must ensure that "no reasonable trier of fact could find other than for [Defendants]." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Jones*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones*, 549 U.S. at 218. A prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019). This process must be completed at all levels prior to filing an action in federal court. *Freeman v Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

In support of their motion, Defendants attach a Step III Grievance Report for Plaintiff dated February 13, 2023, which shows the grievances arising out of ECF that Plaintiff exhausted through Step III based on events that occurred in December 2020. (ECF No. 24-3.) The Step III report shows that Plaintiff pursued only two grievances through Step III pertaining to events in December 2020, Grievance ECF-21-02-0274-28e (the 0274 Grievance) and Grievance ECF-21-03-0273-28E (the 0273 Grievance). (*Id.* at PageID.133.) In the 023 Grievance, Plaintiff complained about being moved to a cell with another prisoner who had been sick and about the conditions in the cell, after he tested positive for COVID-19 on December 19, 2020. (*Id.* at PageID.142.) In the 0274 Grievance, Plaintiff alleged that on December 11, 2020,

> I refused to go to POA 3 times and was told that I would be fired. I wrote a kite to the warden stating that if I was fired because I didn't want to go to a Covid stricken quarantined unit then I would have to accept it. The warden and ADW came to see me and two others who refused and guaranteed our safety if we went to 4 blk. I went and ended up testing positive for Corona virus. I was not protected by this facility.

(*Id.* at PageID.24-3.)

The 023 Grievance, which concerns events that occurred on December 19, 2020, and are unrelated to the claims against Defendants, is not relevant to whether Plaintiff exhausted his retaliation claims. The 024 Grievance does relate to the events that occurred on December 11, 2020, involving Defendants Burgess, Parish, and Clouse, but it does not properly exhaust Plaintiff's retaliation claims for two reasons. First, Plaintiff did not file his Step I grievance until February 26, 2021—more than two months after the alleged retaliation that occurred on December 11, 2020. The grievance was thus rejected as untimely at Step I, and the rejection was upheld at all subsequent steps in the process. (*Id.* at PageID.135–138.) There is no indication that the rejection was improper. Thus, the grievance was not properly exhausted. *Martin v. Bergh*, No. 2:06-cv-119, 2008 WL 4283517, at *1 (W.D. Mich. Sept. 12, 2008) (citing *Woodford*, 548 U.S. at 90–91) ("Because Plaintiff's grievance was rejected as untimely, the grievance was not properly exhausted, and his claim is therefore barred."). Second, nothing in the 024 Grievance indicates that Plaintiff was raising an issue concerning retaliation. Instead, the grievance focuses on prison personnel subjecting him to a risk of contracting COVID-19. Accordingly, he failed to put prison officials on notice of alleged retaliation. *See Riggins v. Cook*, No. 2:20-cv-110, 2022 WL 816662, at *7 (W.D. Mich. Feb. 3, 2022), *report and recommendation adopted*, 2022 WL 815282 (W.D. Mich. Mar. 17, 2022) (plaintiff failed to exhaust retaliation claim by failing to raise retaliation at any point during the grievance process).

Defendants have demonstrated that Plaintiff failed to properly exhaust his retaliation claims against them. Therefore, these claims are subject to dismissal without prejudice.

## CONCLUSION

For the foregoing reasons, I recommend that Defendant Burgess, Parish, and Clouse's motion for summary judgment (ECF No. 23) be **granted** and that Plaintiff's claims against them be **dismissed without prejudice**. I further recommend that if the Court adopts my recommendation for dismissal of Plaintiff's Section 1983 claims for lack of exhaustion, it also dismiss his state-law negligence claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3) because all federal claims against Defendants Burgess, Parish, and Clouse will have been dismissed from this action.

Dated: December 18, 2023                         /s/ Sally J. Berens
                                                 SALLY J. BERENS
                                                 U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).