UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAY WALLER #424245,

    Plaintiff,                                             Hon. Jane M. Beckering

v.                                                          Case No. 1:22-cv-958

MICHAEL BURGESS, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

On January 16, 2024, the Court entered an Order granting Defendants Burgess, Parish, and Clouse's Motion for Summary Judgment on the Basis of Exhaustion (ECF No. 23) and dismissing Plaintiff's claims against them without prejudice. Consequently, the only remaining Defendant in the action was Unknown Party #1. Plaintiff has done nothing since filing this action to identify this individual, and discovery is now closed.

In *Haddad v. Fromson*, 154 F. Supp. 2d 1085 (W.D. Mich. 2001), this Court addressed the use of unnamed or "Doe" defendants and explained that such defendants should be dismissed if the plaintiff fails to identify the defendants during discovery:

> With regard to the unnamed Defendants, discovery is now closed, and Plaintiff has failed to amend his Complaint to identify these Defendants by name. In general, the use of unnamed defendants is not favored in the federal courts. *See Colle v. Brazos County, Tex.*, 981 F.2d 237, 243 (5th Cir. 1993). The mere naming of a person by use of a fictitious title does not make that person a party to a lawsuit, and it does not prevent the entry of final judgment. *Nagle v. Lee*, 807 F.2d 435, 440 (5th Cir. 1987). The appropriate treatment of Doe defendants is to delay taking action with regard to them until plaintiff has had an adequate time in discovery to identify them by name. Plaintiff has had that opportunity, but he has failed to properly identify the unnamed Defendants. Those Defendants will therefore be dismissed without prejudice.

*Haddad*, 154 F. Supp. 2d at 1093.

As in *Haddad*, discovery is closed, and Plaintiff has failed to identify or serve Unknown Party #1. In the more than four months since the Case Management Order was entered (ECF No. 25), Plaintiff did not request an extension of time to effect service on Unknown Party #1, he did not request the Court's assistance in identifying this individual, and he apparently did not serve discovery requests seeking this individual's identity. In short, Plaintiff's lack of diligence warrants dismissal of his claim against Unknown Party #1 without prejudice.

Therefore, for the foregoing reasons, I recommend that the Court dismiss Plaintiff's claims against Unknown Party #1 without prejudice and enter a final judgment concluding this case in favor of Defendants.

Dated: March 4, 2024                                /s/ Sally J. Berens
                                                    SALLY J. BERENS
                                                    U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

2